IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| STACEY MURDIC-SUMMERS )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>METRUM RESEARCH GROUP )<br>    Defendant. ) | Docket No.<br><br>Jury Demand |

## COMPLAINT

Plaintiff Stacey Murdic-Summers is an African-American (Black) professional woman who has no obligation to subject herself to being targeted with racial slurs and disparate treatment by executive agents of Defendant Metrum Research Group. On multiple occasions, Plaintiff complained about racist comments and conduct by Metrum's Vice-President of Technology Solutions to human resources and management. Defendant minimized her complaints and failed to show concern or take effective preventive or corrective action against the Vice-President. As a result, Plaintiff's employment ended because of the hostile work environment created and facilitated by Defendant and its agents. For her Complaint, Plaintiff states as follows:

### PARTIES

1. Mrs. Murdic-Summers ("Plaintiff" or "Mrs. Murdic-Summers) is a citizen and resident of Davidson County, Tennessee. Plaintiff is a former employee of Defendant Metrum Research Group in Nashville, Davidson County, Tennessee.

2. Metrum Research Group ("Defendant or "Metrum") does business globally and operates in Nashville, Davidson County, Tennessee through employees and business relationships. Metrum is a Delaware Corporation with its principal place of business at 2 Tunxis Rd, Ste 112, Tariffville, CT 06081. Its registered agent is Marc G. Gastonguay at this address.

1

## JURISDICTION AND VENUE

3. This is an action for damages for unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e ("Title VII") and Section 1981. Plaintiff has received her Notice of Suit Rights from the EEOC and timely files this lawsuit.

4. This Court has jurisdiction under 28 U.S.C. §1331 and 1332. Venue is proper under 28 U.S.C. §1391. The acts and events described in this Complaint took place within the jurisdiction of this Court.

## FACTS

5. Ms. Murdic-Summers was solicited for employment and hired as a Project Manager by Defendant in March 2021.

6. Plaintiff was a management-level employee of Defendant. On a daily basis, Plaintiff's performed her job duties in Davidson County, Nashville, Tennessee. Plaintiff's employment and job performance in Nashville was known and facilitated to be performed the city by Defendant. Plaintiff's employment and pay records were executed from her location in Nashville, Davidson County, Tennessee.

7. Devin Pastoor is an executive-level employee – Senior Vice-President of Technology Solutions. Mr. Pastoor maintained status and authority seniority over Plaintiff.

8. Mr. Pastoor is Caucasian (White).

9. Ms. Murdic-Summers is African-American (Black).

10. During Plaintiff's employment, Mr. Pastoor repeatedly targteted Plaintiff and other minority employees with racial slurs, insults and derogatory comments. For example, Pastoor called Plaintiff a "monkey scribing information" during the performance of her duties. Other racially offensive remarks were made by Mr. Pastoor concerning Plaintiff

that were also offensive to Mrs. Murdic-Summers. In addition to Plaintiff, Mr. Pastoor referred to other minority employees as "monkeys" or other offensive racial comments. Plaintiff and others discussed Ms. Pastoor making racist remarks amongst each other, which contributed to a hostile work environment for Plaintiff.

11. The term "monkey," in regard to minorities (particularly African-Americans), is an egregious and inflammatory insult – by the word "nigger" (or "the N word"). Mr. Pastoor's insistence on calling Plaintiff and other minority employees' "monkeys" was reckless, insulting, and insensitive.

12. Defendant and its human resources were aware that Ms. Pastoor was making remarks about minority employees that were perceived as offensive and failed to take appropriate remedial or preventive measures in response.

13. Plaintiff complained about the offensive comments of Mr. Pastoor to Human Resources. Plaintiff also discussed incidents where she believed she suffered disparate treatment at Defendant's workplace on the basis of race.

14. Plaintiff participated in all human resources inquiries about her complaint. However, Human Resources did not take Plaintiff's complaint seriously. HR conveyed to Plaintiff that no action (or no serious disciplinary action) would be taken by the company against Pastoor for his comments and conduct. Human Resources attempted to minimize the racist nature of the comment and say Plaintiff may be taking the comments out of context. Upon information and belief, Human Resources has received other complaints of a similar nature concerning Mr. Pastoor and failed to take corrective or remedial action in response.

15. After speaking to HR to no avail, Plaintiff reached out to her direct supervisor Michelle Johnson about Mr. Pastoor's discriminatory comments and conduct. Ms. Johnson told

3

Case 3:22-cv-00343   Document 1   Filed 05/11/22   Page 3 of 6 PageID #: 3

Plaintiff that she would discuss the issue with Mr. Pastoor. After allegedly speaking to Pastoor, Ms. Johnson promised Plaintiff that Mr. Pastoor agreed to refrain from making similar comments or conduct in the future.

16. Shortly after complaining to her supervisor, Mr. Pastoor intentionally and flagrantly made another "monkey" statement towards Plaintiff during a Zoom group project meeting on or about July 21, 2021 to antagonize her.

17. As a professional and dignified minority employee, Plaintiff believed that an intolerable atmosphere that allowed and facilitated discrimination existed by the actions of Mr. Pastoor and the inaction of its Human Resources and management to correct the conditions. Plaintiff believes he would not stop because Defendant refused to take her complaints and concerns seriously

18. Shortly after the "monkey" comment at the Zoom meeting, Plaintiff promptly submitted her resignation letter. The resignation letter expresses that her resignation was prompted by the hostile and racially tainted working environment for herself and other minorites. Plaintiff's last day of employment was August 4, 2021.

19. Because of Defendant's unlawful conduct, Plaintiff has lost income, continued employment, and other privileges and benefits of employment.

20. Plaintiff has suffered embarrassment, humiliation, stress, anxiety, fear, marital and financial strain, dignitary harm, and incurred attorneys' fees and expenses.

## CAUSES OF ACTION

Plaintiff incorporates all paragraphs above as if set forth in each count below.

**Race Discrimination and Hostile Work Environment: Title VII and Section 1981**

21. Based upon the conduct described in this Complaint, Defendant is liable for discrimination and hostile work environment in violation of Section 1981 and Title VII.

22. On numerous occasions, Plaintiff was targeted with discriminatory comments and conduct on the basis of race which resulted in the adverse employment action of her employment ending.

23. Plaintiff engaged in protected opposition to workplace discrimination and other unlawful conduct. Defendant failed to take effective remedial action in response to Plaintiff's complaints, and indicated that no further action would be taken to discipline Pastoor or prevent him from continuing his offensive and discriminatory behavior.

24. Defendant's conduct was intentional and demonstrates reckless indifference to her legally protected rights. The incidents were numerous and severely inflammatory for Plaintiff and other minority employees, which created an objectively hostile work environment for minority employees.

25. Defendant's discriminatory conduct has harmed and caused damage to Ms. Murdic-Summers.

## RELIEF REQUESTED

Plaintiff respectfully requests:

1. That process issue and be served upon Defendants, and that they be directed to answer this Complaint within the time period prescribed by law;

2. That this case be set for trial and that a jury be gathered to hear and decide the

merits and damages;

3. That Plaintiff be awarded judgment and compensatory damages, including but not limited to back pay, front pay, and damages for embarrassment, humiliation, mental anguish and stress, and outrage;

4. That Plaintiff be awarded punitive damages in an amount to be determined at trial;

5. That Plaintiff be awarded attorneys' fees and expenses;

6. That Plaintiff be awarded pre-judgment interest;

7. That all costs be taxed against Defendant; and

8. That Plaintiff be awarded such other and further legal or equitable relief to which she may be entitled.

                                              Respectfully submitted,

                                              /s Brian C. Winfrey

                                              _____
Brian C. Winfrey (BPR #025766)
810 Broadway, Suite 105
Nashville, Tennessee 37203
(615) 601-1276

Attorney for Plaintiff